**STATE OF NEVADA, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF ENERGY, Respondent.**

No. 92–70055.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 1993.

Decided May 24, 1993.

Harry L. Swainston, Deputy Atty. Gen., Carson City, NV, and James H. Davenport, Special Deputy Atty. Gen., Olympia, WA, for petitioner.

John A. Bryson, U.S. Dept. of Justice, Washington, DC, for respondent.

Before SCHROEDER, PREGERSON, and D.W. NELSON, Circuit Judges.

SCHROEDER, Circuit Judge:

This litigation represents another in a series of disputes between the State of Nevada and the United States Government concerning implementation of the Nuclear Waste Policy Act of 1982 ("NWPA"), and, specifically, the selection of the Yucca Mountain location in Nevada as a potential site of a nuclear waste depository. *See Nevada v. Watkins,* 943 F.2d 1080 (9th Cir.1991); *Nevada v. Watkins,* 939 F.2d 710 (9th Cir.1991); *County of Esmeralda v. United States Dep't of Energy,* 925 F.2d 1216 (9th Cir.1991); *Nevada v. Burford,* 918 F.2d 854 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2052, 114 L.Ed.2d 458 (1991); *Nevada v. Watkins,* 914 F.2d 1545 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1105, 113 L.Ed.2d 215 (1991); *Nevada v. Herrington,* 827 F.2d 1394 (9th Cir.1987); *Nevada v. Herrington,* 777 F.2d 529 (9th Cir.1985). We are here asked to construe § 116(c)(3) of the NWPA, which provides for a federal grant to Nevada of an amount equivalent to what the state and affected units of local government would receive if those governments were authorized to tax the federal activities at the site. The provision is known as a "payments equal to taxes" provision and is codified at 42 U.S.C. § 10136(c)(3)(A).

The State of Nevada petitions for review of a Department of Energy ("DOE") interpretation of § 116(c)(3) that requires DOE's administrative machinery to be used to determine the amount of the grant and resolve any disputes pertaining to the amount. The Final Notice of Interpretation and Procedures was published on August 27, 1991. *See* 56 Fed.Reg. 42,314–20 (1991). Nevada asks us to enjoin enforcement of that interpretation on the grounds that the statute requires Nevada's state tax agencies rather than DOE to calculate the amount of the grant. Nevada filed a timely petition for review from the date of publication of the final notice.

Our consideration of Nevada's contention must begin with the statutory language. Section 116(c)(3) provides as follows:

> In addition to financial assistance provided under paragraphs (1) and (2), the Secretary shall grant to the State of Nevada and any affected unit of local government an amount each fiscal year equal to the amount such State or affected unit of local government, respectively, would receive if authorized to tax site characterization activities at such site, and the development and operation of such repository, as such State or affected unit of local government taxes the non-Federal real property and industrial activities occurring within such State or affected unit of local government.

42 U.S.C. § 10136(c)(3)(A). Contrary to Nevada's threshold contention, the statute does not unambiguously provide on its face that Nevada must determine the amount of the grant. The statute is silent as to what agency or agencies should undertake that task.

Nevada also contends, however, that its interpretation is the only reasonable interpretation of the statute. Nevada points out that the statute is intended to achieve a grant equivalent to an amount that would otherwise be available to the state if it could tax federal activities. Nevada argues that achieving precise equivalents to Nevada taxes requires expertise possessed only by Nevada taxing authorities. Therefore, Nevada

contends, Congress must have intended that Nevada calculate the amount of the grant.

As the government points out, however, the statute does not explicitly authorize Nevada to impose its own tax on federal activities. There is no express waiver of federal immunity from state taxation that would be required to permit such a result. *See United States v. New Mexico,* 455 U.S. 720, 723, 102 S.Ct. 1373, 1377, 71 L.Ed.2d 580 (1982). Rather, it provides for a "grant" that is in addition to other federal financial assistance provided in the statute. This assistance is designed to compensate Nevada for expenses and burdens the state may incur as a result of the federal government's activities. *See* 42 U.S.C. § 10136(c)(1) & (2). These other costs and burdens include, for example, the costs of monitoring, testing, and site evaluation undertaken by the state and the costs of providing information to Nevada residents about the depository site. The statute is thus not intended to be a vehicle for Nevada to increase its revenue base. We think it highly unlikely that Congress intended to remove control of the amount of financial assistance from DOE, the federal agency otherwise charged with the administration of the statute, and to confer it on state agencies. Even assuming that Nevada's interpretation of the statute is a plausible one, DOE's interpretation is nonetheless reasonable and must be upheld. *See Chevron U.S.A., Inc. v. NRDC,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984); *County of Esmeralda,* 925 F.2d at 1219; *Herrington,* 777 F.2d at 531.

Finally, the procedures do not leave Nevada without any input in DOE's determination. Part IV.C of the final notice provides for Nevada to submit an estimate for DOE's use in determining the grant amount and sets out procedures for DOE to follow in making this determination. Part IV.D provides that Nevada may challenge DOE's determination by filing an appeal with DOE's Office of Hearings and Appeals.

Nevada has expressly disclaimed in its reply brief any challenge to the rule-making process itself, and hence no such issues are before us.

The petition for review is DENIED.