**STATE OF NEVADA, Plaintiff–
Appellant,**

v.

**Hazel R. O'LEARY, Secretary of Energy,
et al., Defendants–Appellees.**

No. 93–17367.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 1995.

Decided Aug. 25, 1995.

Harry W. Swainston, Deputy Atty. Gen., Carson City, NV, and James H. Davenport, Sp. Deputy Atty. Gen., Olympia, WA, for plaintiff-appellant.

Lois J. Schiffer, Acting Asst. Atty. Gen., and John A. Bryson, U.S. Dept. of Justice, Washington, DC, for defendants-appellees.

Before: CUMMINGS,* SCHROEDER, and RYMER, Circuit Judges.

SCHROEDER, Circuit Judge:

This is another volley in the litigation battle between the State of Nevada and the United States government over the potential placement of a repository for high-level nuclear waste at Yucca Mountain, Nevada. The battle was generated by the passage of the Nuclear Waste Policy Act of 1982, Pub.L. No. 97–425, 96 Stat. 2211 (1983), requiring evaluation of potential repository sites. It has been fueled by the Nuclear Waste Policy Act Amendments of 1987, as contained in the Omnibus Budget Reconciliation Act of 1987, Pub.L. No. 100–203, § 5011, 101 Stat. 1330–1, 1330–228 (1987), narrowing the study to Yucca Mountain. The background and descrip-

tions of other phases of the controversy can be found in numerous opinions. *See, e.g., Nevada v. United States Dep't of Energy,* 993 F.2d 1442 (9th Cir.1993); *Nevada v. Watkins,* 943 F.2d 1080 (9th Cir.1991); *Nevada v. Watkins,* 939 F.2d 710 (9th Cir.1991); *Nevada v. Herrington,* 827 F.2d 1394 (9th Cir.1987).

In this proceeding the State of Nevada filed a petition pursuant to Federal Rule of Civil Procedure 27 to depose more than two dozen scientists regarding their technical reports and studies undertaken in response to an earlier scientific hypothesis that called into question the geological and hydrological suitability of Yucca Mountain as a site for nuclear waste disposal. Nevada filed the Rule 27 petition in the hope of obtaining information about the underlying views of the participating scientists, who were not unanimous in their ultimate recommendation to reject the hypothesis. It was Nevada's goal to obtain the information for use in future agency and judicial proceedings at which Nevada contemplates it will challenge various anticipated decisions, approving the site, by the Department of Energy ("DOE"), the Nuclear Regulatory Commission, and the Environmental Protection Agency. The district court denied the petition in an order reported at 151 F.R.D. 655 (D.Nev.1993).

The district court ruled that Rule 27 could not be used to perpetuate testimony for use in connection with an agency or agency review proceeding and, in addition, that the information Nevada sought would be available in the event that Nevada was compelled to bring judicial proceedings in the future. We affirm. We do not necessarily agree with the district court that the information will be available in the future. Nor do we rule out the possibility of Rule 27 ever being utilized to perpetuate testimony for use in administrative review proceedings. Nevertheless, we hold that Rule 27 is not appropriate where, as here, the petitioner seeks discovery of unknown information that the petitioner hopes will assist it in the future when the petitioner applies for judicial relief.

---

* Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation.

## I.

■ As a preliminary matter, Nevada contends that the matter must be remanded for reconsideration by the district court because the district court failed to provide Nevada with the appropriate procedural safeguards required by the Federal Rules of Civil Procedure and local rules of the district court. Nevada argues that the district court should have treated its Rule 27 petition as an "action" commenced pursuant to Rules 2 and 3 of the Federal Rules of Civil Procedure.

Nevada filed its Rule 27 petition on June 14, 1993. On August 13, 1993 the respondents, including the Secretary of the Department of Energy, the Commissioners of the Nuclear Regulatory Commission, and the Administrator of the Environmental Protection Agency, collectively referred to as the "government," filed an opposition to the petition, with exhibits, arguing that the petition should be denied. On September 29, 1993, Nevada moved for an "Order describing persons whose depositions may be taken, and requesting a hearing date for the motion."

On October 5, the district court denied Nevada's petition. Eight days later Nevada filed an ex parte motion to reconsider and the district court directed the government to respond. On November 24, 1993, after considering the government's opposition to Nevada's motion to reconsider and Nevada's memorandum in reply to the government's opposition, the district court denied Nevada's motion to reconsider.

Nevada contends that the district court should have required a responsive pleading pursuant to Fed.R.Civ.P. 12 within the 60 days called for by the summons served on the government and, in addition, should have granted the opportunity for an oral argument or hearing as required by local rule where requested on motions for summary judgment.

We agree with the government that the district court appropriately treated the petition under Rule 27 as more akin to a motion than to an "action" commenced under Fed. R.Civ.P. Rules 1 and 2 of the Federal Rules of Civil Procedure. There was no unfairness. In order to ensure itself that it had all relevant information, the district court asked for a response to Nevada's petition for reconsideration. Nevada has not indicated that there is any legal argument or evidentiary showing that it was prevented from making in the district court. No alleged procedural irregularities in those proceedings require a remand for still more district court consideration. We proceed to the merits of the appeal.

## II.

The information the State of Nevada is seeking is essentially the thoughts, thought processes, knowledge, and scientific sources utilized by scientists who were involved in reports and studies pertaining to the suitability of Yucca Mountain as a site for a radioactive waste repository. The reports were prepared to evaluate the hypothesis put forward by a DOE physical scientist, Jerry Szymanski. The hypothesis was that the geological and hydrological characteristics of Yucca Mountain would create a likelihood of the upwelling of large volumes of water which would flood the repository within the first few thousand years after placement.

The first report evaluating the Szymanski report was prepared by 24 reviewers appointed by DOE. That review group issued a formal report generally concluding that the Szymanski report required extensive revisions and further review, and that the site characterization studies already planned would adequately address most of Szymanski's recommendations for additional investigation and study.

In 1989 a second report was prepared after Szymanski revised his original report. The DOE selected three members of the second panel and Szymanski selected two. In 1991 that panel issued a divided report, with three members concluding that Szymanski's hypothesis was not supported by an adequate theoretical or evidentiary basis. In 1990, the DOE requested a third report, completed in 1992. Pursuant to that request the National Academy of Sciences National Research Council established a 17–member panel to evaluate the possibility of rises in the water table. In its final report, "Groundwater at

Yucca Mountain: How High Can It Rise?," that panel concluded

> from the geologic features observed in the field and geochemical data that there is no evidence to support the assertion that the water table has risen periodically hundreds of meters from deep within the crust. In fact, the evidence strongly supports a surface-process origin from rainwater for the vein and surface parallel carbonate and carbonate-silica deposits throughout the Yucca Mountain area.

Nevada filed its Rule 27 petition on June 14, 1993 and sought to depose 27 of the scientists participating in the reports and studies in order to perpetuate their testimony for use in later agency and judicial review proceedings. Nevada contemplated that the scientists' testimony might help it challenge anticipated government decisions. The relevant portion of Rule 27 provides as follows:

> (a) Before Action
>
> (1) Petition. A person who desires to perpetuate testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition in the United States district court in the district of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: 1, *that the petitioner expects to be a party to an action cognizable in a court of the United States* but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and the petitioner's interest therein, 3, *the facts which the petitioner desires to establish by the proposed testimony* and the reasons for desiring to perpetuate it ..., 5, the names and addresses of the persons to be examined and *the substance of the testimony which the petitioner expects to elicit from each....*
>
> (3) Order and Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and wheth-

er the depositions shall be taken upon oral examination or written interrogatories.

(emphasis added).

■ The Rule's first requirement is that the petitioner expects to be a party to an action in a court of the United States that cannot now be filed. The district court correctly held that in light of this requirement, Nevada could not file this action if it merely intended to make the material part of an administrative record. Nevada's alternative position is that the Rule can be used, however, for use in subsequent judicial actions reviewing agency decisions. It identified six potential judicial proceedings to which it may be a party which would be cognizable in a court of the United States:

> (1) an action seeking judicial review of DOE's § 112 site selection guidelines, pursuant to 10 C.F.R. 960; (2) an action seeking judicial review of the Secretary of Energy's decision to recommend to the President that Yucca Mountain be developed as a repository; (3) an action challenging the adequacy and sufficiency of DOE's environmental impact statement; (4) an action challenging the adequacy of the Environmental Protection Agency's generally applicable environmental release standards, pursuant to 40 C.F.R. 191; (5) an action seeking judicial review of the statutory adequacy of the NRC's technical requirements and criteria for licensing of a proposed repository, pursuant to 10 C.F.R. 60; and (6) an action seeking judicial review of the decision by the NRC to issue DOE a construction authorization for a repository.

The district court reasoned persuasively that any such review proceedings filed in the court of appeals would be limited to review of the administrative record, and thus the evidence could not be used to help develop a court record in a "court of the United States" within the meaning of the Rule. The only case of which we are aware that permitted a Rule 27(a) petition to perpetuate testimony in an agency review proceeding is *In re Application of Checkosky*, 142 F.R.D. 4, 6 (D.D.C.1992), *remanded on other grounds, Checkosky v. SEC (In re Checkosky)*, 23 F.3d 452 (D.C.Cir.1994). In that case the district court held that Rule 27(a)(1)'s application to

"any court of the United States" included "agency matters that might be brought directly in the court of appeals."

■ We need not decide in this case whether Nevada can meet the requirements of subsection 1 of Rule 27(a)(1) because there is an even more serious problem with its ability to satisfy the requirement of subsection 5. That provision requires the petition to set forth "the substance of the testimony which the petitioner expects to elicit...." In this case the State of Nevada is seeking opinions, thoughts, views, and background information that is as yet completely unknown to the petitioner. It is, accordingly, seeking to undertake an inquiry similar to that authorized as discovery under Rule 26. Nevada cannot set forth the substance of the testimony, nor can it show that it would be admissible in any later litigation.

When the Advisory Committee drafted Rule 27, it cited with approval in its Advisory Committee Notes a Supreme Court decision, issued before the enactment of the Civil Rules, requiring that the testimony sought under prior equity practice be material and competent. *Arizona v. California,* 292 U.S. 341, 54 S.Ct. 735, 78 L.Ed. 1298 (1934). One authoritative treatise has concluded that given that Advisory Committee citation with approval, and the language of the Rule itself, "the most reasonable view is that the old limitation should still be applied." 8 Wright & Miller, *Federal Practice and Procedure,* § 2072, p. 659 (1994).

The district court in *In re Checkosky, supra,* expressly held that the petitioners, who sought to obtain unknown information about the internal deliberations of the SEC, could not meet the requirement of Rule 27 because the rule requires that the testimony to be perpetuated must be "known testimony." *See also Petition of Ferkauf,* 3 F.R.D. 89, 90–91 (S.D.N.Y.1943) (stating that "Rule 27 was not intended to be used as a discovery statute"). The leading appellate decision to recognize this principle is *Ash v. Cort,* 512 F.2d 909, 912 (3rd Cir.1975) ("Rule 27 is not a substitute for discovery").

■ Our own court, approximately 35 years ago, left open the question of whether

Rule 27 permits inquiry as broad as the discovery provisions of Rule 26(b). *Martin v. Reynolds Metals Corp.,* 297 F.2d 49, 55 (9th Cir.1961). We take this opportunity to close that door.

In *Martin* we allowed a prospective defendant, the owner of an aluminum reduction plant, to enter on the land of prospective plaintiffs, who were cattle ranching landowners near the plant. The purpose of the entry was to inspect cattle, soil, and vegetation for toxins alleged to have emanated from the plant. We highlighted in *Martin* the significance of the distinction between Rule 27's invocation by a prospective defendant, as in *Martin,* and a prospective plaintiff or other applicant for judicial relief, as in this case.

> Abuse of the rule by potential plaintiffs, who might try to use it as a means of discovery to enable them to draw a complaint seems to be avoided by the requirement of Rule 27 that the party seeking the deposition be unable to bring the suit or cause it to be brought. The position of one who expects to be made a defendant is different, and we think that such a defendant should be, and is, entitled to use the Rule, upon a proper showing, to preserve important testimony that might otherwise be lost.

*Id.* at 55 (citations omitted).

In addition, the depositions approved of in *Martin* involved limited inquiries for the purpose of gaining information regarding physical evidence entirely within the control of the adverse party and which was otherwise unavailable to the Rule 27 petitioner. Here, the information the State of Nevada is seeking is not physical evidence but the thoughts and thought processes of scientists. Moreover, the information is not within the exclusive control of the government, nor is the government in a position to render the information unavailable as the result of any action it might take.

■ Finally, Nevada contends that the petition should be granted pursuant to the provision of Rule 27(c) which states: "this rule does not limit the power of a court to entertain an action to perpetuate testimony." As the Advisory Committee Notes reflect, how-

ever, this section was intended to preserve the right to employ a separate action to perpetuate testimony under former section 644 of Title 28 that is now repealed. Section (c) of Rule 27 was not intended to expand the applicability of the other provisions of the Rule.

AFFIRMED.