107 F.3d 877
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re the APPLICATION OF NUMEROUS PARTIES FOR the
PERPETUATION BY DEPOSITION OF TESTIMONY.
AK-WA, INC., aka Rocky Becker; Airo Services, aka Mike
Mattingly; B and L Trucking; Barbara Allen, dba Glen Byrd
Company; Bay Chemical; Buffelen Woodworking Company;
Cenex AG, Inc.; City of Tacoma, Department of Public
Utilities, Light Division; Dunlap Towing Company; Echo
Lumber Company; Joseph Simon and Sons; Kaiser Aluminum and
Chemical Corporation; Lone Star Northwest; Manke Lumber
Company, Inc.; Mintercreek Development; Modutech Marine,
Inc., aka Carl Swindahl; Nordlund Boat Company; Occidental
Chemical Corporation; Olin Corporation; Petroleum
Reclaiming Services, aka Gary Smith; PRI NW; Ryder Truck
Rental, Inc.; Sound Refining, Inc.; Steich Bros., Inc.,
aka Christine B. Fisher; Leslie P. Sussman; Taylor Way
Properties, Inc., aka James N. Harmon; USG Interiors, Inc.;
Vance Lift Truck Service; Weyerhaeuser Company, aka
Kimberly A. Hughes; F O F Inc., aka Peter Hirschburg,
Petitioners-Appellees,
v.
ELF ATOCHEM NORTH AMERICA, INC., Real-party-in-interest-Appellant,
and
United States of America, Real-party-in-interest.
 No. 96-36015.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
 Decided March 4, 1997.
 
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elf Atochem North America, Inc. ("Elf"), appeals the district court's order granting a petition to perpetuate the testimony of three witnesses pursuant to Federal Rule of Civil Procedure 27. The district court's decision to grant a petition to perpetuate testimony under Rule 27 is reviewed for an abuse of discretion. Campbell v. Blodgett, 982 F.2d 1356, 1358 (9th Cir.1993). We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 A. Ability to Sue
 
 3
 We agree with the district court that bringing an action at this time would likely violate the mediation agreement. Elf concedes that if one of the participants in the mediation process were to file a CERCLA action at this time, Elf would name all of the remaining mediation participants as third-party defendants, resulting in numerous cross-claims and counterclaims. At a minimum, such an occurrence would seriously interfere with the mediation process and in all likelihood would end the prospect of successful mediation. Such a practical bar to suit is all that Rule 27 requires.
 
 B. Facts and Substance of Testimony Sought
 
 4
 We are satisfied that the district court did not abuse its discretion in concluding that the petitioners are not seeking to use Rule 27 in order to conduct discovery, an improper purpose. Nevada v. O'Leary, 63 F.3d 932, 933 (9th Cir.1995). In the petition, the petitioners state that they intend to elicit facts pertaining to Elf's operations and involvement in the contamination of the Hylebos Waterway as well as historical facts relevant to the general region. Specific to the three witnesses subject to the petition, the petition stated:
 
 
 5
 Based upon information in the public record, it is evident that these former employees possess significant information about the history of the Elf facility, the nature of its operations, the character and extent of its waste disposal activities, and the facility's use and discharge of hazardous substances.
 
 The district court found that:
 
 6
 The three potential witnesses are certainly knowledgeable about ELF's operations, and although the petitioners do not list all facts which they intend to perpetuate to the depositions, all parties are reasonably on notice of the substance of the testimonies.... [T]he petitioners have sufficiently shown that they know the expected facts to be determined in the testimony and are in large part complying with the spirit of Rule 27.
 
 
 7
 The district court did not abuse its discretion in drawing this conclusion. The petitioners in this case are seeking facts and circumstances surrounding the functioning of Elf's plant that would be relevant to liability at a future trial. The petitioners are not attempting to elicit thoughts, opinions, or other intangible material from the witnesses, three former employees of Elf, like the petitioner in O'Leary was improperly attempting to do. O'Leary, 63 F.3d at 936. To the extent that the petitioners seek to elicit known facts based on information in the public record, the petitioners have demonstrated an appropriate use of Rule 27.
 
 C. Risk of Loss
 
 8
 We agree with the district court that the petitioners did not present a strong case that "the three witnesses are in eminent danger of death or serious illness." There appear to be certain factual inaccuracies about the witnesses' health that are contained in the petition. Nevertheless, in considering the flexibility accorded the district court in Rule 27, we cannot say that the district court abused its discretion in concluding that the petitioners satisfied the requirements of this element.
 
 
 9
 Rule 27 does not contemplate a strict showing of the inevitable loss of evidence in order to qualify for an order allowing the perpetuation of testimony. The author of one legal treatise notes:
 
 
 10
 The reasons for perpetuating the proposed testimony must demonstrate danger of losing the evidence by delay. Ordinarily, a showing that the petitioner is presently unable to bring the expected action or cause it to be brought is sufficient to establish that danger. However, when warranted by the circumstances, a showing that the persons with knowledge of the facts are aged or infirm, thus clearly indicating the danger that the evidence may be lost, is helpful.
 
 
 11
 4 Moore's Federal Practice p 27.09, at 27-32 (2d ed. 1996). Another treatise, cited by Elf, states:
 
 
 12
 It is wholly clear that the second limitation, that it must appear that there is danger of loss of testimony, is applied. Ordinarily this is sufficiently shown from the fact that the petitioner is presently unable to bring the action, since it is common knowledge that the lapse of time is replete with hazards and unexpected events.
 
 
 13
 8 Wright & Miller, Federal Practice and Procedure § 2072, at 659-60 (2d ed. 1994). We held above that the petitioners adequately demonstrated their present inability to sue. There is also an indication that the perpetuation of testimony here would preserve evidence that might otherwise be unavailable to the petitioners. Therefore, the perpetuation of this testimony would prevent a failure or delay in justice. These facts, along with the inherent risk of fading memories, are sufficient in this case to satisfy the requirements of Rule 27.
 
 CONCLUSION
 
 14
 After considering all of Elf's arguments on appeal, we conclude that the district court did not abuse its discretion in issuing an order granting the petition to perpetuate testimony. We therefore AFFIRM.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3