**In re Alfredo RAMIREZ, Jr., Petitioner.**

**No. SA–06–CA–170–OG.**

United States District Court,
W.D. Texas,
San Antonio Division.

March 12, 2006.

Richard L. Ellison, Attorney at Law, Kerrville, TX, for Petitioner.

## ORDER

ORLANDO L. GARCIA, District Judge.

Before the Court is petitioner's "Verified Petition under R. 27 for Order Permitting Depositions to Perpetuate Testimony." Petitioner has not yet filed suit but states in his petition that he expects to file a § 1983 action against the City of Kerrville, individual Kerrville police officers and city officials for injuries he received when he was shot by a Kerrville police officer. Petitioner seeks to depose a Texas Ranger, the Kerr County sheriff, and six Kerrville police officers who were either present at the shooting or investigated it. He also asks that the custodian of records for the Kerrville Police Department be required to produce numerous documents.

■ FED. R. CIV. P. 27 is a means of perpetuating testimony before trial. *See Ash v. Cort,* 512 F.2d 909, 911 (3d Cir.1975). A petitioner must demonstrate, among other things, "an immediate need to perpetuate testimony." *Penn Mut. Life Ins. Co. v. United States,* 68 F.3d 1371, 1375 (D.C.Cir. 1995); *see In re Checkosky,* 142 F.R.D. 4, 7 (D.D.C.1992) ("[M]ost courts have held that a petitioner must make a particularized showing that the testimony needs to be taken in advance of the contemplated action."). *See also In re Bay County Middlegrounds Landfill Site,* 171 F.3d 1044, 1047 (6th Cir.1999) (requiring only a "reasonable showing of the need to perpetuate the testimony lest it be lost because of the commencement of litigation"); *cf. Penn Mut. Life Ins.,* 68 F.3d at 1375 (noting that although general allegations are not sufficient to show an immediate need to perpetuate testimony, "the age of a proposed deponent may be relevant in determining whether there is sufficient reason to perpetuate testimony").

■ The only reason offered by petitioner concerning the need for obtaining the evidence is that he "believes that there is a substantial risk that the City will lose or despoil evidence." Petition at 2. This conclusory statement does not in any way show that evidence is likely to be lost pending the filing of the lawsuit. *See Ash,* 512 F.2d at 912–13 (party's conclusory statements that it is "probable that the officers and directors having first hand knowledge are over fifty years of age" and that "one director has already died. Memories might fade," was insufficient to justify perpetuation of testimony under Rule 27(b)) and n. 16 (*citing Mercantile Nat'l Bank v. Franklin Life Ins. Co.,* 248 F.2d 57, 59 (5th Cir.1957)). Petitioner clearly has failed to adequately set forth the factual basis underlying his belief that the testimony he seeks to obtain will be last if not preserved. Indeed, petitioner has wholly failed to allege *any* facts to support his conclusory assertion that the testimony he wishes to elicit prior to filing his complaint will be unattainable or otherwise unavailable at a later date if not preserved before his complaint is filed.

■ There is a second reason why the petition must be denied. Rule 27 affords relief only to those petitioners seeking to "perpetuate testimony." It is well-established in case law that perpetuation means the perpetuation of known testimony. In other words, Rule 27 may not be used as a vehicle for discovery prior to filing a complaint. *See Ash,* 512 F.2d at 912 ("Rule 27 is not a substitute for discovery. It is available in special circumstances to preserve testimony which could otherwise be lost."); *In re Ford,* 170 F.R.D. 504, 507 (M.D.Ala.1997) ("Here, Ford seeks to discover or uncover testimony, not to perpetuate it. . . . Ford simply wants to know who shot Roberts and why. Rule 27 simply does not provide for such discovery."). *See also* 8 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 2071, pp. 651–52 (1994) ("The early commentators agreed that [allowing full discovery] was not the purpose of the rule, and, despite an occasional intimation to the contrary, the courts have generally agreed that to allow Rule 27 to be used for this purpose would be 'abuse of the rule.' ") (citations omitted).

■ Petitioner does not delineate any limits to the requested depositions, but he apparently contemplates that they would

broadly cover any and all details of the shooting and of Kerrville police department's training procedures and policies. This is borne out by petitioner's request of the custodian of records which broadly seeks, among other items, all personnel, training and disciplinary records and files from the date of hire for the officers present at the shooting; all classes, programs and instruction materials written or approved by the officer accused of the shooting; all police department policy and procedures from 1990 concerning the use of deadly force, handling emotionally disturbed individuals, S.W.A.T. team strategies, and hostage and crisis situations; policies and procedures from 1990 related to racial profiling; all police department policy and procedure manuals dating back to the inception of the S.W.A.T. team; the City's liability or indemnity insurance policies; the names and dates of service of all S.W.A.T. team officers from its inception; all citizen complaints and internal affairs records regarding the officer accused of the shooting; and all deposition transcripts of Kerrville Police Department officers in any excessive force cases filed in the past ten years. These requests are not narrowly-tailored to perpetuate testimony that may be lost but rather are broad Rule 26–type requests. The scope of the inquiry that may be permitted under Rule 27 is narrower than that which is permissible under the more general rule governing discovery, FED.R.CIV.P. 26(b). *Nevada v. O'Leary,* 63 F.3d 932, 936 (9th Cir.1995). To reiterate, Rule 27 may be used only to perpetuate important "known testimony" that might otherwise be lost. *Id.*

For these reasons, petitioner's motion for Rule 27 discovery prior to the filing of his lawsuit is DENIED.