**David LUCAS, Petitioner–Appellant,**

v.

**JUDGE ADVOCATE GENERAL; Naval Criminal Investigative Service; United States Department of the Navy, Respondents–Appellees.**

No. 07–55085.

United States Court of Appeals, Ninth Circuit.

Submitted June 25, 2007.*

Filed Sept. 21, 2007.

David Lucas, Bessemer, AL, pro se.

US Attorney's Office, Southern District of California, San Diego, CA, for Respondents–Appellees.

Before FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

David Lucas (Lucas), appeals pro se the district court's denial of a petition he described as a "Petition for Rule 27 Pre–Action Discovery," seeking the results of a DNA test allegedly performed by the Navy in 1989. The district court denied

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

relief under Federal Rule of Civil Procedure 27. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's decision to grant or deny a petition under Rule 27 for an abuse of discretion. *See Campbell v. Blodgett,* 982 F.2d 1356, 1358 (9th Cir.1993). We affirm.

Federal Rule of Civil Procedure 27 permits the district courts to authorize the perpetuation of testimony prior to the commencement of a legal action if the petitioner can first establish that he "expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought." Fed.R.Civ.P. 27(a)(1). Rule 27 also requires:

> [T]he names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.

Fed.R.Civ.P. 27(a)(1).

The district court did not abuse its discretion in denying Lucas's Rule 27 petition. Lucas failed to request the perpetuation of testimony. Instead, he requested documents and test results. Rule 27, by its terms, does not authorize such a request. Furthermore, Lucas cannot utilize Rule 27 as a discovery mechanism for a future complaint. *See Nevada v. O'Leary,* 63 F.3d 932, 935–36 (9th Cir.1995); *Martin v. Reynolds Metals Corp.,* 297 F.2d 49, 55 (9th Cir.1961) (highlighting the distinction between Rule 27's invocation by a prospective defendant and a prospective plaintiff who "might try to use [Rule 27] as a

means of discovery to enable them to draw a complaint").

**AFFIRMED.**