David LUCAS, Petitioner–Appellant,

v.

JUDGE ADVOCATE GENERAL; Naval Criminal Investigative Service; United States Department of the Navy, Respondents–Appellees.

No. 07–55085.

United States Court of Appeals, Ninth Circuit.

---

Submitted June 25, 2007.*

Filed Jan. 11, 2008.

David Lucas, Bessemer, AL, pro se.

US Attorney's Office, Southern District of California, San Diego, CA, for Respondents–Appellees.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

## ORDER

The Memorandum disposition filed September 21, 2007, and appearing at *Lucas v. Judge Advocate General*, 243 Fed.Appx. 324 (9th Cir.2007), is amended. The amended Memorandum disposition is filed simultaneously with this order.

With this amendment the panel has voted to deny the petition for rehearing and recommends denial of the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

The petition for panel rehearing or petition for rehearing en banc are DENIED.

No further petitions for rehearing and petitions for rehearing en banc will be permitted.

## AMENDED MEMORANDUM**

David Lucas (Lucas), appeals pro se the district court's denial of a petition he described as a "Petition for Rule 27 Pre–Action Discovery," seeking the results of a DNA test allegedly performed by the Navy in 1989. The district court denied relief under Federal Rule of Civil Procedure 27. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's decision to grant or deny a petition under Rule 27 for an abuse of discretion. *See Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir.1993). We affirm.

The district court did not abuse its discretion in denying Lucas's Rule 27 petition. Lucas failed to establish the threshold requirement of Rule 27 that he expects to be a party to an action but is "presently unable to bring it or cause it to be brought." Fed.R.Civ.P. 27(a)(1). Moreover, Lucas, as a prospective plaintiff, cannot utilize Rule 27 as a discovery mechanism for a future complaint, and he points to no authority allowing a prospective plaintiff to utilize Rule 27 in the manner he requests. *See Nevada v. O'Leary*, 63 F.3d 932, 933, 935–36 (9th Cir.1995) (holding that Rule 27 is not appropriate where "the petitioner seeks discovery of unknown information that the petitioner hopes will assist it in the future when the petitioner applies for judicial relief"); *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 55 (9th Cir.1961) ("The position of one who expects to be made a defendant is different, and we think that such a defendant should be, and is, entitled to use the Rule, upon a proper showing, to preserve important testimony that might otherwise be lost.").

Lucas insisted in the district court and before us that his petition is not a habeas

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

petition, and we do not consider it to be such.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.