**In the Matter of the Petition of YAMAHA MOTOR CORPORATION, U.S.A., Petitioner.**

**Civ. No. 1:08–MC–49.**

United States District Court, N.D. New York.

July 7, 2008.

James P. Donovan, Wilson, Elser Law Firm, New York, NY, for Petitioner.

Daniel C. Cuppett, Office of Mark A. Schneider, Plattsburgh, NY, for Albert Mills.

## *ORDER*

TREECE, United States Magistrate Judge.

Yamaha Motor Corporation, U.S.A. (hereinafter Yamaha Motor) petitions this Court, pursuant to FED.R.CIV.P. 27, for an order authorizing a pre-complaint, oral deposition of New York State Trooper Travis Capen in order to obtain evidence on the cause of Albert Mills' accident. Dkt. No. 1. Pet., dated June 10, 2008. Albert Mills, a prospective plaintiff, does not register any objection to Yamaha Motor's Petition and, in fact, joins in the request. Dkt. No. 3, Daniel C. Cuppett, Esq., Lt., dated June 24, 2008; *see also* James P. Donovan, Esq., Affirm., dated June 10, 2008, at ¶ 11 (noting an agreement with counsel for Albert Mills).

## PETITION

The following facts have been taken from a very brief attorney's affirmation and a more abbreviated memorandum of law.

Albert Mills was involved in an accident on April 7, 2007, which involved an off-road recreational vehicle distributed by Yamaha Motor. It is represented to the Court that Mills alleges that this recreational vehicle had stability and safety design defects. New York State Trooper Capen responded to the scene of the accident and may have observed evidence that could establish the cause of the accident. Donovan Affirm. at ¶¶ 4–7.

Yamaha Motor is conducting an investigation of Mills' claims. *Id.* at ¶ 2. Concurrently, Yamaha Motor and Mills agree that Trooper Capen's testimony may lead to an "expedient and efficient resolution of Mills' claim ... [by] pre-litigation mediation." *Id.* at ¶¶ 8 & 9. Thus, these potential litigants conclude "that the pre-complaint deposition of Trooper Capen must be taken to prevent the delay of justice." *Id.* at ¶ 11. In further support of the Petition, Yamaha Motors posits that it cannot bring an action nor compel Mills to do so and, without a court order, they are unable to obtain Capen's deposition. *Id.* at ¶¶ 13–17.

## REVIEW

■ Both Yamaha Motor and Mills have misapprehended the purpose of Rule 27 by treating its authority as a discovery device. It is not. Furthermore, the Petition fails to meet most, if not all, of the salient statutory requirements.

■ Rule 27(a) reads in relevant part as follows:

(1) A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show: (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought; (B) the subject matter of the expected action and the petitioner's interest; (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it; (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and (E) the name, address, and expected substance of the testimony of each deponent..... (3) If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories. The depositions may then be taken under these rules, and the court may issue orders like those authorized by Rules 34 and 35.

Rule 27 applies where testimony or evidence might be lost to a prospective litigant, requiring an immediate taking of the deposition to preserve it for future use, *Ash v. Cort,* 512 F.2d 909, 911 (3d Cir.1975), and a court, within its sound discretion, may grant an order to take a deposition "if it is satisfied that a failure or a delay of justice may there-

by be prevented," *Mosseller v. United States,* 158 F.2d 380, 382 (2d Cir.1946). In order to prevail on a Rule 27 petition,

> the petitioners must satisfy three elements. First, they must furnish a focused explanation of what they anticipate any testimony would demonstrate. Such testimony cannot be used to discover evidence for the purpose of filing a complaint. Second, they must establish in good faith that they expect to bring an action cognizable in federal court, but are presently unable to bring it or cause it to be brought. Third, petitioners must make an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed or destroyed.

*In the Matter of Petition of Allegretti,* 229 F.R.D. 93, 96 (S.D.N.Y.2005).[1]

We will consider this Petition in light of these elements, though our discussion will not necessarily address them in the order as prescribed above.

■ This Petition has made it evidently clear that Yamaha Motor is seeking to preserve Capen's testimony as a part of its "ongoing investigation into the claim of Albert Mills." Notwithstanding Yamaha's noble motive to use Capen's testimony to facilitate a pre-litigation mediation so that this case may reach an expedient and efficient resolution and its additional argument that granting such a deposition would prevent a delay of justice, this Petition is nothing more than an improper request for discovery. The sole purpose of Rule 27 is to perpetuate testimony, and in this respect "the scope of discovery under Rule 27 is much narrower than Rule 26 discovery." *Ash v. Cort,* 512 F.2d at 911. In fact, Rule 27 is not a substitute for discovery and should be used "in special circumstances to preserve testimony which could otherwise be lost." *Id.* at 912; *In re Allegretti,* 229 F.R.D. at 96 (pronouncing that Rule 27 testimony cannot be used for the purpose of filing a complaint); *Pacific Tech. Corp. v. Ehrenwald,* 2000 WL 1634393, at *2

(S.D.N.Y. Oct. 31, 2000) (noting that the general rule regarding Rule 27 is to preserve and perpetuate testimony and not to determine whether a cause of action exists or to "provide litigants with a vehicle for the ascertainment of evidence") (citations omitted).

In this regard, and now weighing the first element which expressly states that the Petition must furnish a focused explanation of what the anticipated testimony would demonstrate, the Petitioner must know the substance of the testimony to be preserved before it can call for a Rule 27 deposition. FED.R.CIV.P. 27(a)(1)(C) (noting that a Petition must also contain "the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it") & (E) (noting the Petition must also contain "[the] expected substance of the testimony of each deponent"); *Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra,* 198 F.3d 473, 486 (4th Cir.1999); *Nevada v. O'Leary,* 63 F.3d 932, 936 (9th Cir.1995) (noting that the testimony to be preserved must be known testimony); *In re Allegretti,* 229 F.R.D. at 96 & 98 ("It is well established in the case law that perpetuation means the perpetuation of *known* testimony ... [or] to collect known testimony.") (emphasis in original); MOORE'S FEDERAL PRACTICE at ¶ 27.13[3]. Conspicuously absent from this Petition is a recitation of the precise testimony to be preserved. There isn't even a hint as to what the content of such a deposition would disclose other than the possible observations made by Trooper Capen. Candidly, the details of Capen's testimony are unknown.

Next, Yamaha Motor is required to make an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed, or destroyed. *Nevada v. O'Leary,* 63 F.3d at 936; *In re Allegretti,* 229 F.R.D. at 96 (after conducting a survey of the cases, the court concluded that Rule 27 "is available in special circumstances to preserve testimony which could otherwise be lost") (citations omitted); *Pacific Tech. Corp. v.*

---

1. We observe that other treatises identify three essential elements for bringing a Rule 27 petition that are not exactly the same three elements listed in *In the Matter of Petition of Allegretti,* 229 F.R.D. 93, 96 (S.D.N.Y.2005). *See, e.g.,* 6 JAMES

WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 27.13[1] (3d ed 2008). Lack of exactitude notwithstanding, these different sets of elements still encompass the same central core and procedural and pleading demands of Rule 27.

*Ehrenwald,* 2000 WL 1634393, at \*2 (observing that Rule 27 should be used to preserve evidence that might be lost) (citations omitted); MOORE'S FEDERAL PRACTICE AT ¶¶ 27.12 ("[T]he petitioner must allege a specific risk that the evidence will be lost[.]") & 27.13[4]. Issues of geography, advanced age, seriously impaired health, and rapid turnover of staff have been accepted as reasons for the perpetuation of testimony. *In re Allegretti,* 229 F.R.D. at 98; MOORE'S FEDERAL PRACTICE at ¶ 27.13[4][a]-[d].

No reason matching these grave disabilities has been advanced by Yamaha Motor. Yamaha's proffer that there may be a delay in justice, standing alone, is conclusory. Nothing has been presented to support this conclusion, such as facts supporting Mills' intention to delay his lawsuit against Yamaha because he has not secured Capen's testimony. Further, we do not discern any overtures that Mills will not pursue a lawsuit nor are there reasonable inferences that Mills needs Capen's testimony in order to serve a federal complaint that would meet the pleading standards set forth in FED.R.CIV.P. 11. Moreover, there is no intimation that Capen is leaving the jurisdiction or his employment as a New York State Trooper, suffers from a grave health issue, or may be severely impaired by advanced age or in other ways. We are not persuaded that either Yamaha Motor or Mills may not obtain Trooper Capen's testimony without an order from this Court. In fact, nothing has been asserted to suggest that Yamaha Motor could not use old fashion investigation techniques, such as an interview of Trooper Capen, to garner the facts that it may seek.

We acknowledge that there are two other courts within this Circuit, relying more predominately on the equity nature of the statute, which have devised less exacting standards in order to preserve testimony. *See In the Matter of Petition of Alpha Indust., Inc.,* 159 F.R.D. 456 (S.D.N.Y.1995) (finding that the "fact that petitioner must delay bringing the suit until receiving the information sought is a sufficient showing to allow the use of Rule 27 to perpetuate respondent's testimony") & *Pacific Tech. Corp. v. Ehrenwald,* 2000 WL 1634393, at \*2–3 (finding that

a court should use its equity powers to insure that a document is preserved). But the less demanding standards espoused in these two decisions are contrary to the majority of cases that have discussed the parameters of Rule 27, and we are in agreement with those courts that have not adopted either diminution of the explicit statutory requirements. *See In re Allegretti,* 229 F.R.D. at 97 n. 3. Even if we were to embrace *Pacific Tech.*'s equity balancing standard, we should also heed its instruction that the court must "balance the need to discourage the use of Rule 27 as a means to obtaining discovery to see if a cause of action exists and the need to preserve evidence that may be highly relevant should an action be commenced." 2000 WL 1634393, at \*2. On balance in our case, the need to preserve highly relevant information does not outweigh the need to discourage an obvious quest to see if a cause of action exists. Similarly, the same would hold true in the pursuit of pre-litigation mediation.

We further note that there may be many circumstances that could contribute to possible failure or delay of justice and indeed determining whether those circumstances may suffice rests in the sound discretion of this Court. *Mosseller v. United States,* 158 F.2d at 382. Although Yamaha Motor posits that Mills may file a lawsuit in a federal court based upon diversity jurisdiction of which it may be a party, its primary motive for seeking a pre-complaint deposition, as identified above, is to possibly use that deposition in a pre-litigation mediation. In this respect, the gathering of facts to present at mediation is akin to gathering facts to magnify the allegation in a civil complaint. Now, there is nothing within the statute nor any precedents that precludes preserved testimony for the purposes of mediation, however, this Court is not persuaded by this thin reed presentation that there will be a possible failure or delay in justice or even the pursuit of mediation. *See Nevada v. O'Leary,* 63 F.3d 932 (the preserved testimony was being sought for use in an administrative hearing).

For all of the reasons stated above, and in the Court's sound discretion, based upon the record presented to us, it is hereby Ordered

that Yamaha Motor's Rule 27 Petition, Dkt. No. 1, is **denied.**

**IT IS SO ORDERED.**