In re the Petition of Billy F. PRICE and Henriette von Schirach, geb. Hoffmann.

To Perpetuate the Testimony of Henriette von Schirach, geb. Hoffmann, et al.

UNITED STATES of America, Appellant,

v.

Billy F. PRICE, et al., Appellees.

No. 83–2042.

United States Court of Appeals, Fifth Circuit.

Jan. 30, 1984.

James G. Hergen, Leonard Schaitman, Howard S. Scher, U.S. Dept. of Justice, Civ.Div., Washington, D.C., for appellant.

Chamberlain, Hrdlicka, White, Johnson & Williams, Robert I. White, Larry A. Campagna, Houston, Tex., for appellees.

Before GEE, TATE and HIGGINBOTHAM, Circuit Judges.

GEE, Circuit Judge:

The issue for decision is whether the district court erred when it granted a petition to perpetuate testimony pursuant to

Rule 27, Federal Rules of Civil Procedure. It is settled in our circuit that such orders are appealable and that the standard by which we review them is abuse of discretion. *Shore v. Acands, Inc.,* 644 F.2d 386 (5th Cir.1981).

Appellee-Petitioner Price is an art collector who is compiling material for a book about the art of Adolf Hitler. His co-petitioner von Schirach is the daughter of Hitler's official photographer, Heinrich Hoffmann. At the close of World War II, Hoffmann owned two watercolors attributed to Hitler. When American forces entered Munich in 1945, the paintings were taken from Hoffmann's library under circumstances not revealed by the record. Hoffmann's daughter, who inherited Hoffmann's rights in these paintings when her father died in 1957, conveyed an interest in them to Price in 1982. The paintings are presently, it appears, in the hands of the United States Department of the Army.

In late 1982, the petitioners moved under Rule 27 of the Federal Rules of Civil Procedure to perpetuate the testimony of nine aged German nationals. No action was or could have been filed against the United States at that time because the petitioners were still pursuing their administrative remedies. Their petition was granted and the German citizens were deposed in late January 1983. Between the granting of the petition and the taking of the depositions, one of the plaintiffs' administrative claims was denied. The government then filed a motion for reconsideration contending that the requirements of Rule 27(a) were not then met because, upon that denial, the plaintiffs could have brought their action. The motion was denied.

■ The United States now appeals, asserting that the district court erred in permitting the depositions to be taken. Chiefly it complains that authorization pursuant to Rule 27 was improper since the "matter" in which petitioners meant to use the depositions was not one "cognizable" in a court of the United States and since by the time the depositions were taken the action for which they were intended could already have been filed.[1] At oral argument we were advised that the action in anticipation of which the depositions were taken had been filed.

In these circumstances, we see no reason to proceed with this appeal, which events have transmuted into a species of piecemeal appellate litigation whereby we are asked to pass in advance on aspects of the admissibility of evidence—evidence that may or may not be offered at the forthcoming trial and, if offered, may or may not be admitted. We would entertain no separate appeal from such an evidentiary ruling made in the course of a trial; we see no more occasion to do so in the circumstances presented.

None of the reasons that support appellate review of a Rule 27 order, favorable or unfavorable, before the deposition that it authorizes or declines to authorize has been taken and the action for which the deposition is intended has been filed continue to obtain after these events have occurred.

---

1. Rule 27 provides, in pertinent part:

   DEPOSITIONS BEFORE ACTION OR PENDING APPEAL

   (a) Before Action.

   (1) Petition. A person who desires to perpetuate his own testimony or that of another person regarding *any matter that may be cognizable in any court of the United States* may file a verified petition in the United States district court in the district of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: 1, that the petitioner expects to be a party to an action cognizable in a court of the United States but *is presently unable to bring it or cause it to* be brought, 2, the subject matter of the expected action and his interest therein, 3, the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, 4, the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony. (emphasis added).

   . . . .

Whatever expense and effort were to have been occasioned by the deposition and might have been avoided have already been occasioned. Nor, in these circumstances, need there be fear that testimony will be lost because of an incorrect order unfavorable to deposing a witness. Finally, a tribunal is presently available to entertain a motion to dismiss any action filed without subject-matter jurisdiction, terminating any further unjustified inconvenience to the moving party.

Moreover, in such circumstances new reasons militating against such a review arise. One we have already noted: its character as piecemeal, anticipatory review of an evidentiary ruling that may never be made. A closely allied reason is that such review invites the appellate court—under the rubric of determining "cognizability"—to pass on the subject matter jurisdiction of the district court over the pending main action. We think this better done in the first instance by the trial court, on the full evidentiary record, rather than by us on what little lies before us today—a course also supported by considerations of regular procedure and judicial economy.

We therefore hold that, except in unusual and compelling circumstances not present here and which we do not now envision, review of Rule 27 orders is better declined when the deposition authorized has already been taken and the action for which it is intended has been filed. There will be time to review the issues advanced today on the appeal of the actual case, when the depositions in question have been offered and admitted or excluded and when a full record has been made.

Insofar as the present ruling of the district court rests on a determination that subject matter jurisdiction in the main action exists in the courts of the United States, we VACATE it, so as to leave the court in that action entirely free to determine this issue on a proper record, free of the trammels of any earlier ruling. We REMAND the case to the district court with instructions to consolidate it with the main action, recovery by the government on appellees' bond insuring reimbursement for cost of taking the depositions to abide the determination of their validity in that proceeding. It is so

ORDERED.