The PENN MUTUAL LIFE INSURANCE
COMPANY, et al., Appellants,

v.

UNITED STATES of America
and the Internal Revenue
Service, Appellees.

No. 94–5280.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 28, 1995.

Decided Oct. 27, 1995.

**1372**

Arthur L. Bailey, Washington, DC, argued the cause and filed the briefs for appellants.

David I. Pincus, Attorney, United States Department of Justice, Washington, DC, argued the cause for appellees, with whom Loretta C. Argrett, Assistant Attorney General, Eric H. Holder, Jr., United States Attorney, Gary R. Allen and Robert W. Metzler, Attorneys, United States Department of Justice, Washington, DC, were on the brief. Gerald A. Role, Attorney, United States Department of Justice, Washington, DC, entered an appearance for appellees.

Before: EDWARDS, Chief Judge, WALD and RANDOLPH, Circuit Judges.

Opinion for the Court filed by Circuit Judge WALD.

WALD, Circuit Judge:

Appellants Penn Mutual Life Insurance Company, Provident Mutual Life Insurance Company, and State Mutual Life Assurance Company of America ("appellants") seek reversal of the district court's denial of their motion to perpetuate testimony by taking depositions pursuant to Rule 27(a) of the Federal Rules of Civil Procedure ("Rule 27(a)"). We hold that the district court erred in finding that appellants' efforts were not in anticipation of litigation as required by Rule 27(a) and in failing to recognize that the age of proposed deponent Werner Marwitz creates a risk that evidence will be lost if not perpetuated. We remand so that the district court may make two determinations: whether Marwitz has sufficient unique knowledge to warrant granting appellants' motion, and if so, whether appellants have made an adequate showing of the substance of the testimony they seek to elicit from Marwitz.

## I. BACKGROUND

Appellants are involved in an ongoing dispute with the Internal Revenue Service ("IRS" or "Service") over federal income tax treatment of life insurance policies. In the early 1980s, appellants issued "policy updates" which increased benefits payable to policyholders, while policy premiums remained constant. The tax consequences of these updates for the life insurance company issuers depended on whether the IRS classified them as increases in dividends, or as exchanges of one policy for another. Issuing companies would be taxed at an increased rate for policy exchanges, but not for dividend increases.

In order to clarify their tax liability, several life insurance companies sought private letter rulings from the IRS regarding tax treatment of these updates. In a private letter ruling, the IRS applies the tax laws to a specific factual problem presented by a particular taxpayer; only that taxpayer may then rely on the ruling. Treas.Reg. § 601.201(a)(2), (*l*); Rev.Proc. 95–1, 1995–1 I.R.B. 13. These private letter rulings stated that the requesters' policy updates were dividends and thus not taxable at an increased rate, citing as authority a 1982 revenue ruling which categorized increased payments to policyholders as dividend distributions ("Rev. Rul. 82–133"). *See* Private Letter Ruling ("LTR") 84–31–002 (Apr. 30, 1984); LTR 85–22–067 (Mar. 6, 1985); LTR 84–18–030 (Jan. 19, 1984). The IRS later revoked these private letter rulings but did not apply the revocation retroactively to the requesters, in accord with its general practice under § 7805(b) of the Internal Revenue Code.[1] LTR 91–43–004 (Dec. 30, 1990); Tech.Adv. Mem. ("TAM") 92–06–007 (Oct. 25, 1991); TAM 91–21–001 (May 21, 1991); TAM 91–10–002 (Mar. 8, 1991). Appellants did not

---

1. Section 7805(b) grants the Secretary of the Treasury discretion in deciding whether to make a tax ruling retroactive. 26 U.S.C. § 7805(b). Absent unusual circumstances, the Secretary will

not apply a revocation or modification of a private letter ruling retroactively to the taxpayer who sought the ruling. Treas.Reg. § 601.201(*l*)(5).

seek private letter rulings from the IRS on the tax consequences of their policy updates.

In the course of ongoing audits, the IRS proposes to treat appellants' past policy updates as taxable exchanges rather than nontaxable dividends, arguing that the facts of Rev.Rul. 82–133 are distinguishable from those presented by appellants. Government's Br. at 32. Appellants, facing a sizable bill for back taxes, disagree. They contend that Rev.Rul. 82–133, issued in 1982, set forth a general position on the tax treatment of policy updates which clearly extends to their cases, and the Service's current, more restrictive view of the ruling represents a modification of the IRS's public position. As with private letter rulings, the Service generally exercises discretion under § 7805(b) to protect taxpayers who have reasonably relied on a revenue ruling from retroactive revocation or modification, and accordingly appellants claim protection from taxes now sought to be levied on their old policy updates. The IRS, on the other hand, contends that the scope of Rev.Rul. 82–133 was never as broad as appellants suggest and plainly does not apply to their scenarios. Thus, the IRS concludes, appellants did not reasonably rely on the ruling and do not now qualify for relief from its retroactive application under § 7805(b).

Because the IRS and appellants are in conflict about the Service's former interpretation of the scope of Rev.Rul. 82–133, appellants are looking for independent support for their version. They want to obtain testimony from individuals employed in key positions at the Service during the period when Rev.Rul. 82–133 was initially issued and subsequently applied in the private letter rulings issued to other life insurance companies. Appellants have identified two retired IRS employees, Werner Marwitz and Joseph Ryals, who they claim can provide this critical information. Since they are not yet involved in litigation before a federal court and cannot invoke routine discovery, appellants filed a petition to depose the two employees under Rule

27(a). Unlike other discovery rules, Rule 27(a) allows a party to take depositions *prior* to litigation if it demonstrates an expectation of future litigation, explains the substance of the testimony it expects to elicit and the reasons the testimony is important, and establishes a risk that testimony will be lost if not preserved. Appellants claimed that they would soon be involved in litigation over the IRS audits, and requested permission from the district court to depose Marwitz and Ryals, arguing that the two witnesses might not be available at trial, given their age, residence, and status as retired employees.

The district court denied appellants' petition, finding that they had failed to satisfy several of Rule 27's prerequisites. The court first characterized appellants' petition as amounting to no more than "mere[ ] observ[ation] that the officers' recollections of certain facts might fade by the time they filed their anticipated suit in court," *New England Mutual Life Ins. Co. v. United States,* No. 94–158, slip op. at 5 (D.D.C. Aug. 1, 1994), rather than more specific allegations that the would-be deponents are seriously ill, so old that they likely would not be available at trial, or imminently leaving the country for an extended time. Thus, the court concluded, appellants had not shown a sufficient necessity to perpetuate their testimony as required by the third element of Rule 27(a)(1). Second, the court found appellants had not alleged that no other IRS employee could provide the same testimony. *New England Mutual Life Ins. Co.,* slip op. at 6. Third, the court noted that appellants' audits are still pending before the Service[2] and thus concluded that appellants had not fulfilled the first element of Rule 27(a)(1)— expectation of litigation—because they "still have a possibility of receiving a beneficial result from the administrative process." *Id.* Appellants ask us to reverse the district court's ruling and permit the depositions of Marwitz and Ryals.

---

**2.** The Service has already denied appellant State Mutual's § 7805(b) petition, but State Mutual cannot yet file a claim alleging that the Secretary abused his discretion under § 7805(b) because other administrative matters in State Mutual's case remain unresolved. The Service has not ruled on the other two appellants' § 7805(b) petitions, but those appellants expect their petitions will be denied as well because their circumstances are similar to State Mutual's.

**1374**

## II. Discussion

■ Appellants argue that the district court made several errors in applying Rule 27(a) to their facts. First, they contend that the remote possibility of future administrative relief did not preclude a finding that the proposed depositions were in anticipation of litigation. Second, they argue that the court failed to take into account the advanced age of the proposed deponents and the ever-widening gap in time since the contested events of the early eighties. Finally, appellants claim that, contrary to the district court's finding, they demonstrated a sufficient need to perpetuate testimony and adequately established the substance of the testimony they sought to elicit. We agree with appellants on their first point; a party need not demonstrate that litigation is an absolute certainty in order to perpetuate testimony pursuant to Rule 27(a). We also agree that the district court abused its discretion in failing to take into account the age of proposed deponent Marwitz. We remand for further findings on whether Marwitz has unique knowledge which either Ryals, presumably the younger of the two retired IRS officials, or other identified officials could not provide, and if so, whether appellants have adequately shown the substance of the testimony they expect to elicit from him.

■ To successfully make out a case for a Rule 27(a) deposition prior to litigation, a petitioner must show:

1) that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought,

2) the subject matter of the expected action and the petitioner's interest therein,

3) the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it,

4) the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and

5) the names and addresses of the persons to be examined and the substance of the testimony which the petitioners expects to elicit from each....

FED.R.CIV.P. 27(a)(1). If the court is "satisfied that the perpetuation of the testimony may prevent a failure or delay of justice," it shall permit the depositions to be taken. FED.R.CIV.P. 27(a)(3). A reviewing court will reverse the district court's decision to deny a Rule 27(a) petition for an abuse of discretion. *Carey Canada, Inc. v. Columbia Casualty Co.,* 940 F.2d 1548, 1559 (D.C.Cir.1991) ("We may reverse the District Court's discovery and evidentiary rulings only if these rulings are an abuse of discretion.") (citing *Viles v. Ball,* 872 F.2d 491, 494 (D.C.Cir.1989); *Brune v. IRS,* 861 F.2d 1284, 1288 (D.C.Cir. 1988)); *United States v. Price,* 723 F.2d 1193, 1194 (5th Cir.1984) (district court's ruling on Rule 27(a) motion reviewable for abuse of discretion); *Ash v. Cort,* 512 F.2d 909, 912 (3d Cir.1975) (same).

■ At the threshold, we disagree with the district court's determination that appellants are not acting in anticipation of litigation for purposes of Rule 27(a) because they may still obtain relief from the IRS. The district court stated that it "will not order the perpetuation of testimony desired in this case when the Petitioners still have a possibility of receiving a beneficial result from the administrative process." *New England Mutual Life Ins. Co.,* slip op. at 6. Apparently, the court would have appellants wait until the IRS has completed its audits and finally rejected all of appellants' claims for relief. If such an exhaustion requirement were absolute, however, Rule 27(a) would be rendered useless as a mechanism for preserving testimony *prior* to litigation; once the administrative process is concluded, appellants will ordinarily have no need for perpetuating testimony since they can file their action and take depositions as part of routine discovery.

■ We also note that the risk of permanent loss of the desired testimony appears quite different for the two individuals appellants seek to depose. As to proposed deponent Ryals, appellants offered no evidence regarding his age or health which suggests he may be unavailable for any trial that might ensue when the audits are completed. They simply alleged that Ryals is retired, and "with the passage of time, [his] ability ... to recall relevant facts and testify com-

pletely as to these matters may be impaired." Complaint at 10, *New England Mutual Life Ins. Co. v. United States,* No. 94–158, (D.D.C. Aug. 1, 1994). Such a general allegation is not sufficient to satisfy Rule 27's requirement that a petitioner demonstrate an immediate need to perpetuate testimony. *See, e.g., Ash v. Cort,* 512 F.2d at 913; 8 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2072 (1994) (petitioner must establish danger that testimony may be lost).

■ Because of his age, appellants make a stronger case for deposing Marwitz. The age of a proposed deponent may be relevant in determining whether there is sufficient reason to perpetuate testimony. Advanced age certainly carries an increased risk that the witness will be unavailable by the time of trial. *See Texaco, Inc. v. Borda,* 383 F.2d 607, 609 (3d Cir.1967) (granting writ of mandamus directing district court to allow Rule 27(a) deposition because "[i]t would be ignoring the facts of life to say that a 71–year old witness will be available, to give his deposition or testimony, at an undeterminable future date"); *De Wagenknecht v. Stinnes,* 250 F.2d 414, 417 (D.C.Cir.1957) (permitting deposition of 74–year old witness); *In re Boland,* 79 F.R.D. 665, 667 (D.D.C.1978) (noting that age of proposed deponent is relevant to Rule 27 petition, but denying petition on other grounds). In explaining why it found that appellants had not shown a valid reason for perpetuating testimony here, the district court commented that "[n]o statement has been made that the two proposed deponents are currently in advanced age or poor health." *New England Mutual Life Ins. Co.,* slip op. at 6. Appellants' affidavit, however,

clearly states that Mr. Marwitz is 80 (now 81) years old.[3] His age presents a significant risk that he will be unavailable to testify by the time of trial, and the court should have considered this fact in deciding whether there were sufficient grounds for perpetuating Marwitz's testimony.

■ But even though appellants have made a case for Marwitz's likely unavailability, they must still show that the perpetuation of his testimony "may prevent a failure or delay of justice." FED.R.CIV.P. 27(a)(3); *cf. In re Application of Checkosky,* 142 F.R.D. 4, 7 (D.D.C.1992) (denying Rule 27(a) petition in part because "[t]he sheer number of potential witnesses to the same events drastically reduces the risk that the demise of any one witness will harm petitioners' case"). Thus, appellants must demonstrate a need for Marwitz's testimony that cannot easily be accommodated by other potential witnesses. Appellants claim that Marwitz was the only actuary at the IRS National Office who worked on life insurance matters, and the government has not disputed this allegation in its brief to this court. As a result of his position, Marwitz may possess distinctive information about the issuance and application of Rev.Rul. 82–133. But if Ryals or other IRS employees can provide the same information that appellants plan to elicit from Marwitz, perpetuation of Marwitz's testimony may not be necessary. The record does not presently reflect whether Marwitz has some unique knowledge about the Service's former interpretation of the contested revenue rulings that is legally relevant to appellants' claim.[4] On remand, the district court should make further inquiry on this point.

---

**3.** One of appellants' affidavits also notes that Marwitz resides in Germany. While appellants claim that his overseas residence is grounds for granting their Rule 27(a) motion, we think that this point does not weigh heavily in their favor. Several cases have stated that a potential deponent's plans to leave the country for a long period of time may be grounds for perpetuating testimony, presumably because the difficulties of serving process and conducting a deposition overseas create a risk of losing testimony. *See, e.g., In re Deiulemar Di Navigazione, S.p.A.,* 153 F.R.D. 592, 593 (E.D.La.1994); *In re Boland,* 79 F.R.D. 665, 667 (D.D.C.1978). Marwitz is already overseas, though, and according to appellants, is willing to return to the United States for

a deposition whenever it occurs. Thus, we find his residence alone an insufficient reason for granting appellants' motion.

**4.** The government argued for the first time in this court that the proposed testimony is irrelevant to appellants' claims. We express no view on the merits of this contention. We do note, however, that perpetuation of testimony that is not legally relevant to appellants' claims is unnecessary to "prevent a failure or delay of justice." *See* 8 WRIGHT, ET AL., *supra* § 2072 (proposed testimony should be material and competent evidence in the matter in controversy) (citing *Arizona v. California,* 292 U.S. 341, 348, 54 S.Ct. 735, 737–38, 78 L.Ed. 1298 (1934)).

Finally, there remains an additional hurdle to taking Marwitz's deposition which the district court did not address. A Rule 27(a) deposition "may not be used as a substitute for discovery." Consequently, the party seeking to take the prelitigation deposition must set forth in some detail the substance of the testimony it needs to preserve. *Nevada v. O'Leary,* 63 F.3d 932, 936 (9th Cir.1995) (because thoughts and views of proposed deponents are unknown, petitioners do not satisfy requirement that party set forth substance of testimony to be elicited by deposition); *Ash v. Cort,* 512 F.2d at 912; 8 WRIGHT, ET AL., *supra* § 2071 (citing cases).

Because of its other grounds for rejecting the petition, the district court did not rule on whether appellants' description of the testimony they expect to obtain meets this Rule 27 standard.[5] Appellants did provide some information as to the testimony they expected from the proposed deponents, noting that both Marwitz and Ryals were involved in life insurance tax matters in the National IRS Office during the time Rev.Rul. 82–133 was being applied to the private letter rulings issued to appellants' competitors. Appellants anticipate that the deponents will testify as to their understanding of the Service's position on the scope of the revenue ruling at that time and its application to different factual situations. "Petitioners believe that the testimony of Messrs. Ryals and Marwitz will confirm the existence of [these] facts [regarding the Service's initial position on Rev. Rul. 82–133]." Complaint at 11, *New England Mutual Life Ins. Co.* The district court must determine on remand whether these allegations constitute a "narrowly-tailored showing of 'the substance of the testimony which the petitioner expects to elicit from each' person to be deposed." *In re Application of Checkosky,* 142 F.R.D. at 7 (quoting Rule 27(a)). Accordingly, the opinion of the district court is affirmed with respect to proposed deponent Ryals and remanded for further inquiry as to proposed deponent Marwitz.

*So ordered.*

---

5. The government argued to the district court that appellants had not spelled out sufficiently the substance of the testimony they desired to elicit. The government argues on appeal that the district court's statement that it based its denial "upon a consideration of ... the entire record" reflects agreement with the government on this point. Government's Br. at 24–25. Absent a more direct ruling on this point, and in view of our disagreement with other grounds the district court explicitly relied upon, we are reluctant to pretermit the case based on that general catch-all phrase.