**In re: BAY COUNTY MIDDLEGROUNDS LANDFILL SITE.**

**General Motors Corporation, Petitioner–Appellee,**

v.

**Kuhlman Electric Corporation, Appellant,**

v.

**United States Environmental Protection Agency, Appellee.**

No. 97–2175.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 15, 1999.

Decided March 29, 1999.

Jared A. Goldstein (briefed), U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, for Petitioner–Appellee United States Environmental Protection Agency.

Kathryn J. Humphrey, Joseph C. Basta (argued and briefed), Dykema Gossett PLLC, Detroit, MI, for Petitioner–Appellee General Motors Corporation.

H. G. Sparrow, III (argued and briefed), Dickinson Wright, PLLC, Detroit, MI, for Appellant.

Before: BOGGS, SILER, and GILMAN, Circuit Judges.

## OPINION

BOGGS, Circuit Judge.

This case is one of the few to raise issues concerning the interpretation of Rule 27(a) of the Federal Rules of Civil Procedure, which governs the taking of depositions before an action is commenced. The district court granted a petition to permit the taking of such a deposition by General Motors, a party potentially responsible for pollution at a municipal landfill. General Motors sought to preserve the testimony of Mr. Arthur Jean, a landfill employee, arguing that it might be relevant in allocating liability against another potentially responsible party should the Environmental Protection Agency bring a suit under the Comprehensive Environmental Response, Compensation, and Liability Act. The other party, Kuhlman Electric, appeals, claiming that the district court abused its discretion in granting the order and arguing that under a proper interpretation of Rule 27(a), the requirements of that rule were not met. We affirm, holding that the district court correctly interpreted the rule and did not abuse its discretion in granting the petition.

Rule 27(a)(1) sets forth five items that a petition under this rule must show:

... 1, that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and the petitioner's interest therein, 3, the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it, 4, the names or description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each....

Rule 27(a)(3) sets forth the standard for granting a petition, that being that "the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice...." The parties agree that the standard of review is abuse of

discretion, *see, e.g., United States v. Price,* 723 F.2d 1193, 1194 (5th Cir.1984), but disagree as to the stringency of the standard and the interpretation of several of the factors.

In particular, Kuhlman argues that the petitioner's verified petition does not properly "show" either point 3, "the facts which the petitioner desires to establish," or point 5, "the substance of the testimony which the petitioner expects to elicit from each." It bases this argument on the fact that counsel for General Motors did not provide live testimony, or sworn statements from the potential witness or from others, detailing what that testimony would be. Instead, the outlines of the testimony were included by statement in the verified petition, and by reference to unsigned statements, apparently compiled by lawyers for the municipality. Petitioner's counsel referred to these statements in court, and proffered them to the court, but did not make them part of the record. We hold that these procedural deficiencies, if such they be, are not fatal to the petition, nor to the district court's ruling.

Had the court so chosen, it could certainly have required greater backing for the petition, and those opposing the petition were certainly entitled to introduce affidavits or testimony in opposition, which might have been of greater weight if not rebutted. However, nothing in the rule indicates that the requirement that petitioner "show" certain matters means the "showing" must include material proffered in a form admissible at trial. We hold that the judge's discretion encompasses the nature and quality of evidence required to make or rebut the required showing in Rule 27(a)(1).

With respect to the substantive standard set forth in Rule 27(a)(3), appellant relies very heavily on a 1995 decision by the District of Columbia Circuit, *Penn Mutual Life Insurance Company v. United States,* 68 F.3d 1371 (D.C.Cir.1995), to interpret the requirement that the perpetuation of the testimony "may prevent a failure or delay of justice." Since this case is the only circuit case to address this issue directly, it bears close examination, although in the end its holding and analysis do not support appellant.

In *Penn Mutual,* a taxpayer sought to depose two former IRS employees who were involved in the issuance of certain private letter rulings at issue in that case. No evidence was offered as to the age or state of health of one of the witnesses that might have suggested his unavailability, but the other witness, Mr. Marwitz, was 81 years old and living in Germany. *See id.* at 1374–75. Nevertheless, the district court had denied the petition, holding especially that "appellants had not alleged that no other IRS employee could provide the same testimony." *Id.* at 1373. The circuit court held that the district court had "abused its discretion in failing to take into account the age of proposed deponent Marwitz." *Id.* at 1374. It also held that the district court had abused its discretion in requiring that litigation was an absolute certainty, holding that certainty was not required. *Ibid.*

Finally, on the point of most relevance to our case, the court of appeals discussed the meaning of the requirement in Rule 27(a)(3) that the perpetuation "may prevent a failure or delay of justice." The court first stated that appellants "must demonstrate a need for Marwitz's testimony that cannot easily be accommodated by other potential witnesses." *Id.* at 1375. It went on to note that "Marwitz may possess distinctive information," but if others "can provide the same information ... perpetuation of Marwitz's testimony may not be necessary." *Ibid.* Finally, the court stated that "the record does not presently reflect whether Marwitz has some unique knowledge ... that is legally relevant to appellant's claim. On remand, the district court should make further inquiry on this point." *Ibid.* (footnote omitted).

Appellant seizes on the phrase "unique knowledge" as setting the legal standard,

requiring that the proposed deponent have information that is completely unknown to any other party. We believe that this reads too much into the circuit's opinion, though we acknowledge that the word "unique" is also used in a summary paragraph stating "we remand for further findings on whether Marwitz has unique knowledge which ... other identified officials could not provide...." *Id.* at 1374. We do not read this as requiring that the information is completely different from what would be available elsewhere.

■ The language of the rule itself is somewhat latitudinarian, stating only that the testimony "*may* prevent a failure or delay of justice." There is a good bit of space between a need for "testimony that can not easily be accommodated by other ... witnesses" (the loosest statement of the standard by the D.C. Circuit) and information that is absolutely "unique." [1] We believe the former statement is closer to the correct interpretation. Certainly if information were absolutely unique and relevant to the potential suit, it would clearly meet the standard of Rule 27(a). On the other hand, in any trial proceeding, evidence that was wholly duplicative could certainly be excluded. See FED R. EVID. 403. Evidence that throws a different, greater, or additional light on a key issue might well "prevent a failure or delay of justice." The difficulty of drawing bright lines as to the exact importance of the preserved testimony emphasizes the correctness of committing this decision to the discretion of the district court, which is in the best position to understand the relative importance of the proposed testimony. Under the standard of "prevent the failure or delay of justice," we hold that the best interpretation of the rule is that the testimony to be perpetuated must be relevant, not simply cumulative, and likely to provide material distinctly useful to a finder of fact. A determination that the evidence is absolutely unique is not necessary. There must, of course, be a reasonable showing of the need to perpetuate the testimony lest it be lost because of the commencement of litigation.

Judged against this standard, and in light of our standard of review for abuse of discretion, we hold that the district court did not abuse its discretion in ordering the perpetuation of Mr. Jean's testimony. The judgment is therefore AFFIRMED.

---

1. I recognize that any modifier to the word "unique" is disfavored in some contexts, but modern dictionaries allow for degrees of comparison in the context used by the D.C. Circuit. *See* WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 1290.