**Edward KENDRICK, III,**
**Plaintiff–Appellant,**

v.

**Dee Anne IRWIN, et al.,**
**Defendant–Appellee.**

No. 03–5114.

United States Court of Appeals,
Sixth Circuit.

Sept. 10, 2003.

Edward Kendrick, III, pro se, Wartburg, TN, for Plaintiff–Appellant.

Before: SUHRHEINRICH, COLE, and ROGERS, Circuit Judges.

### ORDER

Edward Kendrick, III, a pro se Tennessee prisoner, appeals a district court order dismissing his motion requesting the production of evidence in anticipation of litigation pursuant to Fed.R.Civ.P. 27. This case has been referred to a panel of the

court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Kendrick filed a motion pursuant to Rule 27 seeking files and evidence from numerous employees and offices of Chattanooga, Tennessee and Hamilton County, Tennessee. The request was to preserve evidence in anticipation of filing a lawsuit regarding the termination of his parental rights pursuant to 42 U.S.C. § 1983 and in anticipation of filing a federal habeas corpus action pursuant to 28 U.S.C. § 2254. The district court subsequently denied the request. In his timely appeal, Kendrick asserts that the district court erred in denying his request for discovery.

The district court's order is reviewed for an abuse of discretion. *See Ash v. Cort,* 512 F.2d 909, 912 (3d Cir.1975). The party making the motion must show that there is a danger that the testimony will be lost by delay. *Arizona v. California,* 292 U.S. 341, 347–48, 54 S.Ct. 735, 78 L.Ed. 1298 (1934). Mere allegations that witnesses might die or memories might fade are not sufficient to justify the granting of the motion. *Ash,* 512 F.2d at 913. The party seeking authorization under Rule 27(a) must show that he is presently unable to bring his action and that without the perpetuation of the testimony a failure or delay of justice would occur. Fed.R.Civ.P. 27(a)(1) and (a)(3); *Shore v. Acands, Inc.,* 644 F.2d 386, 388 (5th Cir.1981). He also must serve notice upon each person named in the petition. Fed.R.Civ.P. 27(a)(2).

■ The district court did not abuse its discretion in denying Kendrick's motion for discovery under Rule 27. With regard to Kendrick's anticipated § 1983 claim, Rule 27(a)(1) requires that Kendrick show that he can bring a cognizable action in a court of the United States, but is presently unable to cause the action to be filed. Kendrick's petition does not explain why

he was unable to file his civil rights action at the time he filed his Rule 27 motion. Thus, Kendrick has failed to satisfy this requirement of the rule.

■ In addition to this insufficiency, Kendrick has also failed to establish a cognizable action under § 1983. The anticipated civil rights action which Kendrick seeks to file concerns the termination of his parental rights. The record shows that Kendrick's parental rights were terminated on March 6, 1994. Kendrick filed for visitation rights in 1997 or 1998. Assuming that Kendrick was unaware of the termination of his parental rights until 1998, he had one year to file a civil rights action from this date. *See Jackson v. Richards Med. Co.,* 961 F.2d 575, 578 (6th Cir.1992) (civil rights actions arising in Tennessee are subject to a one-year statute of limitations). As Kendrick's civil rights claim is time barred, he has failed to establish a cognizable action as required by Rule 27.

■ As to Kendrick's habeas corpus petition, Kendrick states that he was convicted of first degree murder in the Hamilton County Criminal Court. Kendrick has a state post-conviction petition currently pending in the Hamilton County Criminal Court. As the district court noted, the court cannot consider the evidence Kendrick seeks to preserve in a habeas petition unless it is first presented and addressed by the state courts of Tennessee. Kendrick must first develop the factual basis for his habeas corpus petition in the state courts. As the district court correctly noted, Kendrick needs to pursue discovery in the state post-conviction proceedings. Kendrick's Rule 27 motion does not establish how the requested evidence would prevent him from filing his future § 2254 petition. *See* Fed.R.Civ.P. 27(a)(1).

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.