**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

IN RE NAVY CHAPLAINCY      :      Miscellaneous Case 07-269 (GK)

**MEMORANDUM OPINION**

Plaintiffs have filed a Motion to Take Depositions to Preserve Testimony. The Government has filed a Response, which is essentially a partial Opposition, and Plaintiffs have filed a lengthy Reply. Upon consideration of the parties' briefs, the applicable Federal Rules of Civil Procedure, and the entire record in this case, the Court concludes that the Motion shall be **granted in part and denied in part**.

Plaintiffs have moved for an Order allowing them to take depositions of 10 individuals, five of whom are named Plaintiffs and five of whom are fact witnesses, for the purpose of preserving their evidence. In response, Defendants have indicated that the Government does not oppose Plaintiffs' request as to the five named Plaintiffs, subject to two conditions: that the depositions be taken in the District of Columbia, since that is the Plaintiffs' forum of choice, and in order to minimize the cost of such depositions to the taxpayers;[1] and that the parties follow the same procedure they have used in the past, namely, that the Government be allowed to take discovery depositions first, so that it would be in a position to prepare for an effective cross-examination. Those two requests will be granted.

The Government does, however, oppose Plaintiffs request to take depositions of the five fact witnesses they have identified. This consolidated litigation has been ongoing since 1999. Parties have engaged in extensive discovery during that period of time. Plaintiffs have taken more than 30

---

[1] Plaintiffs have not indicated that such conditions would pose any undue hardship.

depositions in the consolidated litigation, including multiple depositions of several high ranking Chaplain Corps Officers. In addition, Defendants have produced more than 9,000 pages of documents and have responded to 25 interrogatories and 91 requests for admission. Initially, the cases were assigned to Judge Ricardo M. Urbina. In July 2009, Judge Urbina entered an informal stay of discovery pending resolution of multiple dispositive cross-motions. Upon Judge Urbina's retirement in early 2012, the litigation was reassigned to this Court, which formally extended Judge Urbina's stay of discovery. Case Management Order #1 [Dkt. No. 124].

Even though Plaintiffs concede that "no specific Rule covers this case," they suggest that Fed. R. Civ. P. 27 ("Rule 27"), which allows testimony to be taken before litigation is initiated, provides useful criteria for evaluating Plaintiffs' request. Plaintiffs summarize their position by concluding that the relevant factors under both Rule 27 and Fed. R. Crim. P. 15 are "the materiality of the testimony and the necessity for preserving testimony in order to ensure the interests of justice," citing United States v. Kelley, 36 F.3d 1118, 1124-25 (D.C. Cir. 1994), accord Penn. Mut. Life Insurance Co. v. United States, 68 F.3d 1371, 1374 (D.C. Cir. 1995).

The Government has two reasons for opposing Plaintiffs' request to take depositions to preserve the testimony of the five fact witnesses. First, Plaintiffs have failed to meet their burden of demonstrating a valid need to preserve such testimony, and, second, Plaintiffs' request is basically an effort to expand the scope of the depositions they seek beyond merely preservation of testimony and into full blown fact discovery. In addition, the Government points out that since 1999, Plaintiffs have had ample opportunity to take the depositions of the potential fact witnesses, have elected not to, and have given no reason for their failure to do so.

The crux of the dispute between the parties has come down to whether Rule 27, which specifically covers preservation of testimony <u>before</u> an action is filed, also applies to preservation of testimony sought under Fed. R. Civ. P. 26 ("Rule 26"), which pertains to the scope and limits on discovery <u>after</u> litigation has been filed. Plaintiffs argue that Rule 27 applies only to pre-filing litigation and, therefore, gives parties all the broad rights they have to discovery under Rule 26. The Government, on the other hand, agreeing with Plaintiffs' suggestion that the factors set forth in Rule 27 provide a useful guide in assessing the pending Motion, argues that under Rule 27, a party must show (1) the likely future unavailability of the proposed deponent and (2) "a need for [the proposed deponents'] testimony that cannot easily be accessed by other potential witnesses." <u>Penn. Mut. Life Insurance Co.</u>, 68 F.3d at 1374-75.

While the parties have created an interesting academic dispute over the scope of Rule 27, and its relationship to Rule 26, they have basically lost sight of the woods for the trees. When Case Management Order #1 was issued, discovery was stayed. Therefore, parties are not in a discovery mode at this time. For that reason, Rule 26 has no applicability at this time. Moreover, depositions authorized for the purpose of preservation of testimony are not to be used as a substitute for Rule 26 discovery. <u>See</u> <u>Petition of Kunimoto</u>, 1996 WL 622094, *3 (D.D.C. Oct. 16, 1996). <u>See</u> <u>also</u> <u>Penn. Mut. Life Insurance</u>, 68 F.3d at 1376.

As to the five individual fact witnesses, at least two of them, Captain Jack Stafford and Captain James W. Anderson, Plaintiffs have no information revealing their location, activities, or even whether they are still alive. As to General Charles C. Krulak, Plaintiffs have not shown "a need for [his] testimony that cannot easily be accessed by other potential witnesses." <u>Penn. Mut. Life Insurance</u>, 68 F.3d at 1374-75. As Plaintiffs describe the information they hope to elicit from

General Krulak, it is clear that they are seeking merely his personal views about wanting to establish a separate United States Marine Corps Chaplain Corps, rather than hard facts. Plaintiffs also seek testimony from him about the events at Quantico that led to the alleged CHC retaliation against three Plaintiffs. But Plaintiffs already have substantial information from other witnesses about that incident and there is nothing to show that failure to depose General Krulak would be "a failure or delay of justice." Rule 27(a)(3). Finally, as noted earlier, Plaintiffs have had many years to take this deposition and have offered no excuse as to why they have not deposed him.

As to Captain Larry Ellis, he has already submitted a declaration that was filed as an attachment to the very first complaint filed in this litigation on November 5, 1999. Again, Plaintiffs offer no explanation for their failure to depose him during the many years since 1999.

As to Commander John Lyle, Plaintiffs candidly admit that they want his testimony to use as corroborating opinion testimony in support of Plaintiffs' general allegation about the state of the Chaplain Corps. There is no showing of his likely unavailability in the future to justify taking his deposition in order to preserve testimony. Plaintiffs' extremely vague statements that another Plaintiff made indicating that Lyle was hospitalized because of "a serious immune system problem" which "may be such that is capable of recurring" hardly constitute an adequate, or even believable, justification for his unavailability.

Parties must remember that discovery has been stayed only, and no cut-off date for its completion has been set. If and when discovery is reopened, Plaintiffs will have their full opportunity to proceed under Rule 26.

For the reasons states, Plaintiffs' Motion is **granted in part and denied in part**.


November 29, 2012

/s/
Gladys Kessler
United States District Judge


**Copies via ECF to all counsel of record**