# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOSEPH ANTHONY REYNA, )
)
Plaintiff, )      Civil Action No.  1: 25-cv-04275 (UNA)
)
)
v. )
)
)
UNITED STATES )
POSTAL SERVICE, et al., )
)
Defendants. )

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a Rule 27 Petition ("Pet."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2.  The Court grants Plaintiff's IFP Application, and for the reasons discussed below, denies his Petition and dismisses this matter without prejudice.

Plaintiff, a resident of Texas, has filed a Petition pursuant to Federal Rule 27 against the U.S. Postal Service, the U.S. Postal Inspection Service, and the U.S. Postal Service Office of the Inspector General.  *See* Pet. at 1.  He raises broad concerns regarding the potential destruction of records, triggered by Defendants' minor delays and alleged "irregularities" in processing his FOIA requests and ADA charges and delays in his receipt of FOIA document production (although the latter appears to be due to Plaintiff's failures to provide an effective address of record for such receipt), and their withholding of information under the FOIA's exemptions.  *See id*. at 1–8, 12–13, 15, 17.  He demands that Defendants preserve records, identify and, perhaps, produce them, and allow him to depose records custodian(s).  *See id.* at 12.

A Rule 27 petition may be granted "[i]f the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3). To comport with Rule 27, a party must (1) demonstrate he expects to bring an action in the federal courts but cannot currently do so; (2) explain the subject matter of the expected action; (3) describe the facts he intends to establish through the desired testimony and the reasons for needing to perpetuate that testimony; (4) identify the adverse parties and the parties to be deposed by name and address; and (5) serve the petition in accordance with the applicable rules. *See* Fed. R. Civ. P. 27(a); *Penn. Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1374 (D.C. Cir. 1995) (same). Plaintiff has fallen well short of this standard.

First, Rule 27 applies to "situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced." *Lucas v. Judge Advoc. Gen., Naval Crim. Invest. Servs.*, 245 F.R.D. 8, 9 (D.D.C. 2007) (citation omitted), *aff'd*, 279 Fed. Appx. 11 (D.C. Cir. 2008) (per curiam). More specifically, Rule 27 petitions are generally granted only when a witness will be unavailable because of age or infirmity. *See Penn. Mut.*, 68 F.3d at 1376; *Petition of Kunimoto*, No. 96-MS-232, 1996 WL 622094, at *3 (D.D.C. Oct. 16, 1996) (same).

Plaintiff has not asserted that testimony could be lost because a potential witness is gravely ill, or injured and in danger of dying. *See Penn. Mut.*, 68 F.3d at 1374 (finding that, where the "appellants offered no evidence regarding [the deponent's] age or health which suggest[ed] he may be unavailable for any trial[,]" they failed to satisfy "Rule 27's requirement that a petitioner demonstrate an immediate need to perpetuate testimony."). Indeed, Plaintiff has not even identified a specific deponent, beyond his vague reference to an "appropriate records custodian," *see* Pet. at 12, which is insufficient, *see* Fed. R. Civ. P. 27(a)(1)(E); *Penn. Mut.*, 68 F.3d at 1374;

*see also In Re Andrews*, No. 11–45, 2011 WL 7168675, at \*2 (S.D. Ohio Dec. 2, 2011) (denying Rule 27 petition where the plaintiff failed to to identify a specific deponent, and generally sought to "depose an unnamed 'Informant Claims Examiner,'" and because he did "not contend that the proposed deponent's age or health mandate[d] the immediate need for such testimony.") (citing *Kendrick v. Irwin*, 77 F. App'x 770, 771 (6th Cir. 2003)), *R&R adopted sub nom. Andrews v. United States*, 2012 WL 404818 (S.D. Ohio, Feb. 08, 2012). Nor has Plaintiff defined what *testimony* he seeks from any intended deponent; Plaintiff has only identified documents. *See* Pet. at 4; *see also Application of Checkosky,* 142 F.R.D. 4, 7 (D.D.C. 1992) ("Petitioners' broad request for relief falls short of the Rule 27 requirement that a petitioner must make a narrowly-tailored showing of 'the substance of the testimony which the petitioner expects to elicit from each' person deposed.") (quoting Fed. R. Civ. P. 27(a)(1)). Here, in light of "the absence of special circumstances," Plaintiff's Rule 27 Petition must be denied. *See In Re Somerville*, No. 08–206, 2008 WL 2559243, at \*4 (E.D. Ky. Jun, 20, 2008) (citing *Application of Checkosky,* 142 F.R.D. at 7–8).

Second, Plaintiff has not established that he is currently unable to file a lawsuit. To the contrary, in less than a year, Plaintiff has filed at least five other cases in this District, two of which he is actively litigating before an assigned judge. *See, e.g.*, *Reyna v. U.S. Agency for Global Media*, No. 25-cv-01707 (SLS) (D.D.C. filed May 30, 2025); *Reyna v. Cigna Corp.*, No. 25-cv-02158 (UNA) (D.D.C. filed Jun. 30, 2025); *Reyna v. City of Corpus Christi*, No. 25-cv-03409 (UNA) (D.D.C. Sept. 2, 2025); *Reyna v. Paxton*, No. 26-cv-00412 (UNA) (D.D.C. Jan. 5, 2026); *Reyna v. Dep't of Education*, 26-cv-00591 (SLS) (D.D.C. filed Feb. 24, 2026); *see also In Re Andrews*, 2011 WL 7168675, at \*2 (finding that the plaintiff failed to show that he was currently unable to bring suit because he had previously filed at least three federal lawsuits, and because his *pro se*

status and inability to obtain counsel bore no relevance). Nor are court costs and fees a prohibition to filing suit, as Plaintiff has shown that he currently qualifies to proceed IFP.

Third, Plaintiff has not presented "a particularized reason why the deposition is needed to prevent against loss." *Petition of Kunimoto*, 1996 WL 622094, at \*3 (citing *Penn. Mut.*, 68 F.3d at 1375). Plaintiff vaguely states that Defendants' delays and "irregularities," are warning signs of potential destruction of evidence, *see* Pet. at 1–8, 12–13, 15, 17, but without more specificity, this is no more than *ipse dixit*, *see Lucas*, 245 F.R.D. at 10 (finding that plaintiff's mere "delay and difficulty" in seeking agency materials, and his conclusory assertions that there had been "a delay in justice and . . . a strong possibility that . . . documents w[ould] be lost, resulting in a miscarriage of justice," did not show that he was unable to bring his claims or that evidence was at risk of loss) (citation omitted); *see also Application of Checkosky,* 142 F.R.D. at 7–8 (general concerns about the passage of time and the fading of memories do not constitute a particularized showing that the testimony needs to be taken in advance of the contemplated action*.*); *Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 976 (11th Cir. 1985) (Rule 27 petition denied which alleged only that witnesses were not "immune from matters of life (and death)" and that petitioner was "genuinely concerned" that documents could be destroyed), *cert. denied*, 474 U.S. 1082 (1986).

To the contrary, it appears that Plaintiff's Petition is an "an apparent attempt to bypass the filing of a FOIA action in order to obtain the requested document[s]," *see In Re Andrews*, 2011 WL 7168675, at \*2 (fn. omitted), and the other relief sought. To that same end, Rule 27 may only be employed in pursuit of "*known* testimony," *Application of Checkosky*, 142 F.R.D. at 7, because it is "not intended to be used as a discovery statute," *Lucas*, 245 F.R.D. at 9 (citation omitted), "and therefore may not be used as 'a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted[,]'" *id.* at 9–10 (quoting *In re Boland*,

79 F.R.D. 665, 668 (D.D.C. 1978); citing *Petition of Gurnsey*, 223 F. Supp. 359, 360 (D.D.C. 1963); *Biddulph v. United States*, 239 F.R.D. 291, 293 (D.D.C. 2007)).  Doubly problematic here is that "[d]iscovery is generally unavailable in FOIA actions." *Wheeler v. CIA*, 271 F. Supp. 2d. 132, 139 (D.D.C. 2003) (citing *Jud. Watch, Inc. v. Export-Import Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000)).

In his Petition, Plaintiff explicitly *demands* discovery, *see* Pet. at 1, which is, simply put, "an abuse" of Rule 27.  *See* Wright, Miller & Marcus, Federal Practice and Procedure, § 2071 at 651–652; *see also Petition of Kunimoto*, 1996 WL 622094, at *3 ("Kunimoto's petition must be denied because it seeks discovery, rather than the perpetuation of known testimony as required by Rule 27.").  Accordingly, for all of the above-stated reasons, Plaintiff has failed to carry this burden under Rule 27 and his Petition must be denied.

The Court also notes that, insofar as Plaintiff attempts to bring this matter as a whistleblower, *see* Pet. at 13, 15, he may not do so.  It is "well-settled that a *qui tam* action may not be brought by a *pro se* plaintiff." *Walsh v. JPMorgan Chase Bank, NA*, 75 F. Supp. 3d 256, 263 (D.D.C. 2014) (collecting cases); *see Idrogo v. Castro*, 672 F. App'x 27, 27 (D.C. Cir. 2016) ("The district court correctly held that *pro se* plaintiffs, such as appellant, may not file a *qui tam* action pursuant to the False Claims Act."); *Walker v. Nationstar Mortg. LLC*, 142 F. Supp. 3d 63, 65 (D.D.C. 2015) (holding that it is well established that "*pro se* parties may not pursue [*qui tam*] actions on behalf of the United States.") (citation omitted); *Canen v. Wells Fargo Bank, N.A.*, 118 F. Supp. 3d 164, 170 (D.D.C. 2015) (noting that "courts in this jurisdiction consistently have held that *pro se* plaintiffs . . . are not adequately able to represent the interests of the United States") (citing cases).  Put differently, because the United States is "the real party in interest," *Cobb v. California*, No. 15-cv-176, 2015 WL 512896, at *1 (D.D.C. Feb. 4, 2015), a "*pro se* plaintiff may

not file a *qui tam* action[,]" *Jones v. Jindal*, 409 Fed. App'x. 356 (D.C. Cir. 2011) (per curiam); *see also Gunn v. Credit Suisse Grp. AG*, 610 Fed. App'x 155, 157 (3d Cir. 2015) (noting that "every circuit that has [addressed the issue] is in agreement that a *pro se* litigant may not pursue a *qui tam* action on behalf of the Government.") (citing cases)); *U.S. ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 Fed. App'x 731, 732 (7th Cir. 2006) ("[A] *qui tam* relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself. He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants.").

This prohibition is rooted in the requirement that a plaintiff proceeding in federal court "may [only] plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654; *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted). In other words, Plaintiff has neither a constitutional nor a statutory right to pursue the claims of the United States, or anyone else, without counsel.

For all of these reasons, Plaintiff's Petition is denied, and this matter is dismissed without prejudice. Plaintiff's Motion for CM/ECF Password, ECF No. 3, and Defendants' Motion for Extension of Time to Respond, ECF No. 6, are both denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: April 17, 2026

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge